IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.12-cv-01580-LTB

KEVIN RAYNELL WILLIAMS,

    Plaintiff,

v.

TK COZZA-RHODES, Individually and in her official capacity as warden,
CAPTAIN KLIEN, Individually and in his official capacity as captain,
C.O. J. SANDER, Individually and in his official capacity as correctional officer,
C.O. DOCKINS, Individually and in his official capacity as correctional officer,
C.O. ROYAL, Individually and in his official capacity as correctional officer,
C.O. PRICE, Individually and in his official capacity as correctional officer, and
C.O. KOCH, Individually and in his official capacity as correctional officer,

    Defendants.

## ORDER GRANTING MOTION TO RECONSIDER

Plaintiff, Kevin Raynell Williams, has filed *pro se* a letter with the Court on September 24, 2012, asking the Court to reinstate his case because he complied with the Court's July 18, 2012 Order directing him to pay an initial partial filing fee. The Court must construe the filing liberally because Mr. Williams is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will construe the letter as a motion to reconsider the Order of Dismissal and Judgment entered in this action on September 14, 2012. For the reasons discussed below, the motion will be granted.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Applicant's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice because Mr. Williams failed either to pay an initial partial filing fee of $38.00 or to show cause why he was unable to pay the fee within thirty days of the July 18 Order. As noted above, the order dismissing this action was entered on September 14, 2012. On September 24, 2012, the Court received from Mr. Williams a filing fee payment in the amount of $50.00. Documents attached to the motion to reconsider show that Mr. Williams submitted written requests to prison officials for the withdrawal of the fee payment from his prison account on August 3, 2012, and again on September 5, 2012.

Because the initial partial filing fee has been paid and it appears that Mr. Williams first requested payment of the filing fee within the time allowed, the Court finds that the

interests of justice would be served by vacating the order dismissing this action. Therefore, the motion to reconsider will be granted. The case will be returned to the Pro Se Docket for review under § 1915(e)(2). Accordingly, it is

ORDERED that Plaintiff's motion to reconsider (ECF No. 11) filed on September 24, 2012, is GRANTED. It is

FURTHER ORDERED that the Order of Dismissal (ECF No. 8) and the Judgment (ECF No. 9) entered in this action on September 14, 2012, are VACATED. It is

FURTHER ORDERED that the clerk of the Court reinstate and return this action to the Pro Se Docket.

DATED at Denver, Colorado, this  28th  day of  September , 2012.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court