IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01580-BNB

KEVIN RAYNELL WILLIAMS,

      Plaintiff,

v.

TK COZZA-RHODES, Individually and in her official capacity as warden,
CAPTAIN KLIEN, Individually and in his official capacity as captain,
C.O. J. SANDER, Individually and in his official capacity as correctional officer,
C.O. DOCKINS, Individually and in his official capacity as correctional officer,
C.O. ROYAL, Individually and in his official capacity as correctional officer,
C.O. PRICE, Individually and in his official capacity as correctional officer, and
C.O. KOCH, Individually and in his official capacity as correctional officer,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Kevin Raynell Williams, is in the custody of the federal Bureau of Prisons and is incarcerated currently at FCI-Florence, Colorado.  He has filed *pro se* a Prisoner Complaint asserting claims against the Defendants for violation of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Mr. Williams has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court construes the Complaint liberally because Mr. Williams is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed the Complaint and has determined that it is deficient.  Mr. Williams therefore will be

directed to file an amended complaint for the reasons discussed below.

In the Complaint, Mr. Williams Plaintiff alleges that Defendant Klien placed him in the Special Housing Unit for a minor infraction, after warning Mr. Williams not to file requests for administrative remedies. He further alleges that Defendants Sander, Dockins, Royal, and Koch bang on his cell door in the middle of the night because he has filed requests for administrative remedies. For relief, Mr. Williams asks that he be released from prison and receive an award of damages.

As an initial matter, the remedy of release from confinement is only available to Mr. Williams if he successfully challenges his conviction or sentence in an application for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). However, damages are available to Plaintiff in this *Bivens* action.

Furthermore, Mr. Williams' factual allegations are not specific enough to show the personal participation of each Defendant in a violation of his constitutional rights. Plaintiff makes general and conclusory assertions that the Defendants are retaliating against him for exercising his constitutional right to file grievances, but he does not allege specific facts to show a retaliatory motive for each Defendant or state facts to demonstrate when he filed the grievances in relation to when the alleged retaliation occurred. To support a claim under *Bivens*, Plaintiff must allege the personal participation of each defendant in a deprivation of his constitutional rights. *See Kite v. Kelley*, 546 F.2d 334, 338 (10th Cir. 1976); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (civil rights plaintiff must show that each named defendant caused the deprivation of a federal right). Moreover, a supervisor, such as Warden Cozza-Rhodes, is only liable for a constitutional violation that he or she has caused. *See Dodds v.*

2

*Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).  Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  Supervisors cannot be held liable merely because of their supervisory positions.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  This is because "§ 1983 [or *Bivens*] does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).  Accordingly, it is

ORDERED that Plaintiff, Kevin Raynell Williams, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court will review the allegations of

the original Complaint, which may result in the dismissal of one or more claims or

Defendants. It is

FURTHER ORDERED that Plaintiff's Motion to Show Cause (ECF No. 13) is

**denied as moot**.  The Court received Plaintiff's initial partial filing fee on September 24,

2012 and reinstated this action in a September 28, 2012 Order.

DATED October 3, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge