IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01580-BNB

KEVIN RAYNELL WILLIAMS,

    Plaintiff,

v.

TK COZZA-RHODES, Individually and in her official capacity as warden,
CAPTAIN KLIEN, Individually and in his official capacity as captain,
C.O. J. SANDER, Individually and in his official capacity as correctional officer,
C.O. DOCKINS, Individually and in his official capacity as correctional officer,
C.O. ROYAL, Individually and in his official capacity as correctional officer,
C.O. PRICE, Individually and in his official capacity as correctional officer, and
C.O. KOCH, Individually and in his official capacity as correctional officer,

    Defendants.

---

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

---

    Plaintiff, Kevin Raynell Williams, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institute in Florence, Colorado. He submitted *pro se* an Amended Complaint (ECF No. 31) pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), asserting violations of his constitutional rights. Mr. Williams requests monetary and injunctive relief in his Amended Complaint. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff has filed a "Memorandum in Support of Plaintiff's Prisoner Motion for Preliminary Injunction" (ECF No. 15), which the Court construes liberally as a motion for preliminary injunctive relief. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

1

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Williams alleges in the Amended Complaint that shortly after he arrived at USP-Florence in March 2011, Defendants Dockins and Sander began banging on his cell door three times a night during count, preventing him from sleeping.  He alleges that the banging intensified after he reported the conduct to the Internal Affairs Office and continued uninterrupted for a period of at least three months.  During that period, Defendant Royal also participated in the banging, and Plaintiff continued to file administrative remedies against the Defendants.  In May 2011, Defendant Klien threatened Plaintiff with loss of his prison job if he did not stop filing administrative remedy requests.  Plaintiff alleges that in November 2011, and from late December 2011 to March 2012, Defendants Royal and Koch banged on his cell door most nights. Plaintiff further alleges that Defendant Price physically assaulted him and has searched his cell on numerous occasions and confiscated his personal property in retaliation for his grievances against other prison officials.

In his motion for preliminary injunctive relief, Mr. Williams seeks an order enjoining the Defendants from banging on his cell door at night and from confiscating his personal property.

The Court will construe the motion liberally because Mr. Williams is not represented by an attorney. *See Haines*, 404 U.S. at 520-21; *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the motions will be denied.

A temporary restraining order or preliminary injunction is an "extraordinary remedy", and, therefore, "the right to relief must be clear and unequivocal."  *Schrier v.*

*Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).  To obtain a preliminary injunction, the party seeking the injunction must demonstrate four factors:

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

*Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir.2001).  "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003); Fed.R.Civ.P. 65(b).

In this case, because Mr. Williams seeks a disfavored injunction (i.e., one that is mandatory as opposed to prohibitory, would alter the status quo, and would provide him with all the injunctive relief he seeks), he faces a "heightened burden" of showing that "the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc) (per curiam) (majority opinion).  Thus, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Id.* at 976.

The factual allegations contained in the Amended Complaint do not persuade the Court that Mr. Williams has a substantial likelihood of prevailing on the merits of his constitutional claims.

Under the Eighth Amendment, prison officials must ensure that prisoners are afforded "humane conditions of confinement" such as "adequate food, clothing, shelter, and medical care" and "take reasonable measures to guarantee the safety of the

inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation omitted). To state an Eighth Amendment claim, a prisoner must allege facts to show that: (1) objectively, the deprivation was "sufficiently serious so as to deprive inmates of the minimal civilized measure of life's necessities . . . [or] so as [to] constitute a substantial risk of serious harm," and (2) subjectively, the defendants "act[ed] . . . with deliberate indifference to inmate health and safety." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (internal quotations omitted).

Sleep constitutes a basic human need, and conditions designed to prevent sleep may violate the Eighth Amendment. *See Harper v. Showers*, 174 F.3d 716, 720 (5th Cir.1999); *Keenan v. Hall*, 83 F.3d 1083, 1090-91 (9th Cir.1996) (Eighth Amendment claim where inmate subjected to bright light for twenty-four hours per day and alleged to have suffered grave sleeping problems and psychological harm), amended on other grounds on denial of rehearing, 135 F.3d 1318 (9th Cir.1998); *see also Merritt v. Hawk*, 153 F.Supp.2d 1216, 1228 (D. Colo. 2001). However, "the Constitution does not mandate comfortable prisons," and conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Court cannot find at this stage of the proceedings that the facts in the Amended Complaint demonstrate a substantial likelihood that Plaintiff will prevail on his Eighth Amendment claim against the Defendants.

Moreover, although prison officials may not retaliate against inmates for filing grievances, Plaintiff must show that the adverse action was taken because of the exercise of his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). Standing alone, temporal proximity between the alleged exercise of rights

and the administrative segregation does not constitute sufficient circumstantial proof of a retaliatory motive. *Cf. Smith v. Maschner*, 899 F.2d 940, 949 (10th Cir. 1990). Even if Plaintiff has stated an arguable claim of retaliation in the Amended Complaint, the facts do not establish a substantial likelihood of success on the merits.

In addition, Plaintiff fails to assert facts in his motion for preliminary injunctive relief to demonstrate that he will suffer substantial and irreparable harm if a preliminary injunction is not issued. Finally, Mr. Williams has not shown that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. Accordingly, it is

ORDERED that the "Memorandum in Support of Plaintiff's Prisoner Motion for Preliminary Injunction" (ECF No. 15), which the Court construes liberally as a motion for preliminary injunctive relief, is **DENIED**.

DATED at Denver, Colorado, this 7th day of November, 2012.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court