IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01580-REB-BNB

KEVIN RAYNELL WILLIAMS,

Plaintiff,

v.

CAPTAIN KLIEN, Individually and in his official capacity as captain,
C.O. J. SANDER, Individually and in his official capacity as correctional officer,
C.O. DOCKINS, Individually and in his official capacity as correctional officer,
C.O. ROYAL, Individually and in his official capacity as correctional officer,
C.O. PRICE, Individually and in his official capacity as correctional officer, and
C.O. KOCH, Individually and in his official capacity as correctional officer,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff currently is incarcerated by the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Florence, Colorado. He filed his Amended Prisoner Complaint on October 31, 2012 [Doc. #21] (the "Complaint"). On November 15, 2012, the Clerk's Office mailed forms to the United States Marshal for service of process on the defendants [Doc. #25]. On March 4, 2013, the Marshal filed a Process Receipt and Return which indicates that service was not completed on defendant C.O. Royal [Doc. #36]. The Marshal stated "unable to locate within the BOP based on the information provided. Per BOP legal - they are unable to identify the officer."

I ordered [Doc. #38] the plaintiff to show cause on or before April 19, 2013, why the Complaint should not be dismissed as against defendant Royal for failure to prosecute pursuant to D.C.COLO.LCivR 41.1. I warned the plaintiff that in the event no such showing was made, I

would recommend that the action be dismissed without prejudice as against defendant Royal for failure to prosecute. The plaintiff did not respond to the Order to Show Cause. Accordingly,

I respectfully RECOMMEND that all claims against defendant Royal be dismissed without prejudice.[1]

Dated April 25, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).