**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01580-REB-BNB

KEVIN RAYNELL WILLIAMS,

    Plaintiff,

v.

CAPTAIN KLIEN, Individually and in his official capacity as captain,
C.O. J. SANDER, Individually and in his official capacity as correctional officer,
C.O. DOCKINS, Individually and in his official capacity as correctional officer,
C.O. ROYAL, Individually and in his official capacity as correctional officer,
C.O. PRICE, Individually and in his official capacity as correctional officer, and
C.O. KOCH, Individually and in his official capacity as correctional officer,

    Defendants.

---

**ORDER CONCERNING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matter is before me on the following: (1) the **Recommendation of United States Magistrate Judge** [#39][1] filed April 25, 2013; (2) the **Defendants' Motion To Dismiss** [#42] filed May 10, 2013;and (3) the **Recommendation of United States Magistrate Judge** [#46] filed November 7, 2013.  No objections were filed concerning the first recommendation [#39].  Both the plaintiff and one defendant, Captain Klien, filed objections [#54 & #56] to the second recommendation [#46].  I approve and adopt the first recommendation [#39].  I approve and adopt the second recommendation [#46] in part and respectfully reject it in part.

---

    [1] "[#39]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I. STANDARD OF REVIEW

Because no objections were filed concerning the first recommendation [#39], I review that recommendation only for plain error. **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).[2] Finding no error, much less plain error, in the magistrate judge's recommended disposition, I approve and adopt the first recommendation.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the second recommendation [#46] to which any party objects. I have considered carefully the recommendation, the objections, and the applicable case law.

The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

The plaintiff, Kevin Williams, is an inmate at the Federal Correctional Institution in Florence, Colorado. In his complaint, Mr. Williams alleges that from March 2011 to March 2012, and possibly at other times, he was awakened each night while he was sleeping. As the guards were conducting count, they would beat on his cell door. Mr. Williams contends these actions were taken to deprive him of adequate sleep.

Mr. Williams filed grievances concerning this conduct. On May 16, 2011, the defendant, Captain Klien, met with the plaintiff. Allegedly, Captain Klien used "racial

---

[2] This standard pertains even though plaintiff is proceeding *pro* se in this matter. **Morales-Fernandez**, 418 F.3d at 1122.

2

epithets and . . . a tone of voice that was threatening and intimidating."
*Recommendation* [#46], p. 5. According to Mr. Williams, Captain Klien threatened that he would take Mr. William's job if Mr. Williams did not stop filing grievances. Captain Klien asked Mr. Williams how many grievances he had filed "and said I bet your kind can't even count that high." *Id*. According to Mr. Williams, Captain Klien placed Mr. Williams in the extremely restricted Special Housing Unit (SHU) to keep him from filing grievances. *Id*., p. 12. While Mr. Williams was in the SHU, Captain Klien allegedly tolerated and encouraged efforts undertaken by guards under Captain Klien's supervision to deprive Mr. Williams of sleep. **Amended Prisoner Complaint** [#21], p. 12.[3]

### III. ANALYSIS

In the first recommendation [#39], the magistrate judge recommends that the complaint be dismissed as to defendant, C.O. Royal, based on Mr. William's failure to prosecute those claims. After noting that the defendant named as C.O. Royal had not been served with a summons and complaint, the magistrate judge ordered Mr. Williams to show cause why the complaint should not be dismissed as to C.O. Royal based on the plaintiff's failure to prosecute. The plaintiff did not respond. Under FED. R. CIV. P. 41 and D.C.COLO.LCivR 41.1, dismissal for failure to prosecute is proper in these circumstances. Thus, I approve and adopt the first recommendation [#39].

In the second recommendation [#46], The magistrate judge recommends that the motion to dismiss be denied as to the due process and retaliation claims asserted against Captain Klien. As to all other claims and defendants, the magistrate judge

---

[3] As detailed in the second recommendation [#46], Mr. Williams alleges in his amended complaint several other claims against other defendants.

3

recommends that the motion to dismiss be granted.  In his objection [#54], Mr. Williams contends the claims against defendants other than Captain Klien should not be dismissed.  After careful consideration of the relevant record, I overrule the objections and approve and adopt the recommendation concerning the claims against defendants other than Captain Klien.

Addressing the claims against Captain Klien, the magistrate judge concludes that the allegations of Mr. Williams are sufficient to allege a retaliation claim against Captain Klien, based on the right of Mr. Williams to be free from retaliation for filing grievances, an exercise of First Amendment rights by Mr. Williams.  The magistrate judge notes also that Captain Klien does not move to dismiss the due process claim asserted against him.

In his objection [#56], Captain Klien contends that Mr. Williams may not assert a claim for damages based on an alleged violation of the First Amendment under **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics**, 403 U.S. 388 (1971).  In addition, Captain Klien argues that the allegations of Mr. Williams do not state a claim for First Amendment retaliation and that, in any case, Captain Klien is entitled to qualified immunity on this claim.

### A.  First Amendment *Bivens* Claim for Damages

Captain Klien is correct when he contends that Mr. Williams may not assert a **Bivens** claim for damages based on an alleged violation of the First Amendment.  The Supreme Court of the United States has not recognized a **Bivens** claim for damages based on an alleged violation of the First Amendment.  Indeed, the Supreme Court has refused explicitly to acknowledge that federal prisoners may bring a claim for monetary damages based on an alleged First Amendment violation.  **See, e.g., Ashcroft v. Iqbal**,

556 U.S. 662, 675 (2009) (noting that the Court has "declined to extend **Bivens** to a claim sounding in the First Amendment"); **Bush v. Lucas**, 462 U.S. 367, 390 (1983) (in addressing a First Amendment retaliation claim by a federal employee against a supervisor, the Court refused to recognize a right to seek damages for a First Amendment violation under **Bivens**, noting availability of alternative remedies). Conceivably, the Court has not recognized such claims in the context of claims by prison inmates because prisoners may pursue claims for injunctive relief based on an alleged violation of the First Amendment.  **See Corr. Services Corp. v. Malesko**, 534 U.S. 61, 74 (2001) (federal inmate who may not assert **Bivens** claim for damages against private prison contractor may bring suit in federal court for injunctive relief and file grievances using Bureau of Prisons administrative remedy program); **Wilkie v. Robbins**, 551 U.S. 537, 550 (2007) (in claim of alleged government harassment and intimidation of landowner aimed at extracting easement from landowner, the existence of adequate, alternative bases for pursuing a particular claim amount "to convincing reason for the Judicial Branch to refrain from providing new and freestanding remedy in damages").

On the other hand, the United States Court of Appeals for the Tenth Circuit has recognized the viability of a First Amendment retaliation claim by a prison inmate. **Williams v. Meese**, 926 F.2d 994, 998 (10th Cir. 1991) (federal prisoner alleging job transfer in retaliation for filing grievances states a claim) (**citing Frazier v. Dubois**, 922 F.2d 560, 561-62 (10th Cir.1990) (prison officials do not have discretion to punish federal prisoner for exercising First Amendment rights by transferring prisoner to different institution).  However, these cases do not address directly the question of whether such a claim may be brought as a **Bivens** claim for damages.

5

Based on the foregoing authority, I respectfully reject the recommendation of the magistrate judge to the extent the magistrate judge recommends that the motion to dismiss be denied as to the **Bivens** claim for damages based on the First Amendment retaliation claim asserted by Mr. Williams.  Rather, I conclude that the motion to dismiss must be granted as to any claim for damages included in the First Amendment claim of Mr. Williams.

### B.  Failure To State A Claim

The fact that Mr. Williams may not assert a **Bivens** claim for damages based on a violation of the First Amendment does not preclude him from seeking declaratory and injunctive relief.  **See Corr. Services Corp. v. Malesko**, 534 U.S. 61, 74 (2001) (federal inmate who may not assert **Bivens** claim for damages against private prison contractor may bring suit in federal court for injunctive relief and file grievances using Bureau of Prisons administrative remedy program); **Simmat v. U.S. Bureau of Prisons** 413 F.3d 1225, 1231 - 1233 (10th Cir. 2005) (federal courts have jurisdiction to issue injunctions to protect rights safeguarded by the Constitution).  Captain Klien does not argue otherwise.  However, Captain Klien does argue that the allegations in the complaint are not sufficient to state a viable First Amendment retaliation claim.  I disagree.

Mr. Williams alleges that Captain Klien expressed his disdain for Mr. Williams and his grievances and then arranged for continued adverse actions to be taken against Mr. Williams. These allegations are sufficient to allege (1) that the plaintiff sought to exercise his First Amendment rights by filing a grievance; (2) that the defendant was aware of the plaintiff's attempt to file grievances; (3) that as a result of that awareness, the defendant took action to impose an adverse consequence on the plaintiff; and (4) that the consequence would chill a person of ordinary firmness from engaging in the

6

constitutionally protected activity. These allegations are sufficient to state a retaliation claim. ***See Leverington v. City of Colorado Springs***, 643 F.3d 719, 729 (10th Cir. 2011); ***Rocha v. Zavaras***, 443 F. App'x 316, 318 (10th Cir. 2011). To the extent Mr. Williams asserts a First Amendment retaliation claim, I overrule the objections of Captain Klein and approve and adopt the recommendation of the magistrate judge.

### C. Qualified Immunity

Finally, Captain Klien argues he is entitled to qualified immunity concerning the First Amendment claim of Mr. Williams. Under the doctrine of qualified immunity, government officials performing discretionary functions are shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would know. ***Harlow v. Fitzgerald***, 457 U.S. 800, 818 (1982). However, qualified immunity is not a shield against a claim for injunctive relief. ***See, e.g., Kikumura v. Hurley***, 242 F.3d 950, 962 (10th Cir. 2001). The remaining First Amendment claim of Mr. Williams is a claim for injunctive relief. Thus, there is no viable claim of qualified immunity.

### IV. CONCLUSION & ORDERS

Based on the authority cited above, I conclude that the plaintiff may not assert a First Amendment claim for damages under ***Bivens***. Thus, I respectfully reject that portion of the recommendation [#46] of the magistrate judge in which the magistrate judge recommends that the motion to dismiss be denied as to this claim. Instead, I grant the motion to dismiss to the extent the plaintiff asserts against Captain Klien a First Amendment claim for damages under ***Bivens***. Otherwise, I approve and adopt the recommendation of the magistrate judge.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#39] filed April 25, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2. That under FED. R. CIV. P. 41 and D.C.COLO.LCivR 41.1, all claims against defendant, C.O. Royal, are **DISMISSED**; that C.O. Royal is **DROPPED** as a defendant; and that the case caption is **AMENDED** accordingly;

3. That the **Recommendation of United States Magistrate Judge** [#46] filed November 7, 2013, respectfully is **REJECTED** to the extent the magistrate judge recommends that the **Defendants' Motion To Dismiss** [#42] filed May 10, 2013, be denied as to the First Amendment claim for damages under *Bivens*.

4. That the objections [#56] of defendant, Captain Klien, are **SUSTAINED** to the extent Captain Klein objects to the recommendation that the motion to dismiss be denied as to the First Amendment claim for damages under *Bivens*;

5. That otherwise, the **Recommendation of United States Magistrate Judge** [#46] filed November 7, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

6. That otherwise, the objections [#56] of defendant, Captain Klien, are **OVERRULED**;

7. That the objections [#54] of the plaintiff are **OVERRULED**;

8. That the **Defendants' Motion To Dismiss** [#42] filed May 10, 2013, is **DENIED** as to the due process claim against Captain Klien and the First Amendment retaliation claim in which Mr. Williams seeks injunctive relief;

9. That otherwise, the **Defendants' Motion To Dismiss** [#42] filed May 10, 2013, is **GRANTED** as to all other claims and defendants, including the First Amendment claim for damages under *Bivens*; and

10.  That the defendants named as C.O. J. Sander, C.O. Dockins, C.O. Price, and C.O. Koch are **DROPPED** as a defendants, and the case caption is **AMENDED** accordingly.

Dated February 24, 2014, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

9