**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01580-REB-BNB

KEVIN RAYNELL WILLIAMS,

    Plaintiff,

v.

CAPTAIN KLEIN, Individually and in his official capacity as captain,

    Defendant.

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

**Blackburn, J.**

The matter before me is **Defendant Klein's Motion for Judgment on the Pleadings** [#86][1] filed March 30, 2015. The plaintiff did not file a response. I grant the motion.

## I. JURISDICTION

I have jurisdiction over the parties and subject matter of this litigation. My jurisdiction arises under 28 U.S.C. § 1331 (federal question).

## II. STANDARD OF REVIEW

The defendant seeks entry of judgment in his favor under FED. R. CIV. P. 12(c). A motion for judgment on the pleadings is evaluated under the same standard as a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6). ***Jacobsen v. Deseret Book Co.***, 287 F.3d 936, 941 n. 2 (10th Cir. 2002).

---

[1] "[#86]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

When ruling on a motion to dismiss under FED. R. CIV. P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of FED. R. CIV. P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphases in original).[2] Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and

---

[2] **Twombly** rejected and supplanted the "no set of facts" language of **Conley v. Gibson**, 355 U.S. 41, 45-46 (1957). The Tenth Circuit has clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

**Robbins v. Oklahoma**, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting **Twombly**, 550 U.S. at 570) (internal citations and footnote omitted).

unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 550 U.S. at 556) (internal quotation marks omitted).

### III.  ANALYSIS

When this case was filed, the plaintiff, Kevin Williams, was an inmate at the United States Penitentiary in Florence, Colorado.  On January 29, 2015, Mr. Williams was released to a residential re-entry program.[3]  The defendant, Captain Klein[4], is a member of the correctional staff at the penitentiary where Mr. Williams was incarcerated.

The claims remaining in this case include: (1) a Fifth Amendment due process claim; and (2) a First Amendment retaliation claim.  Mr. Williams seeks an award of damages and injunctive relief on his due process claim and injunctive relief only on his First Amendment retaliation claim.  In a previous order [#67], I dismissed any claim for damages tied to the First Amendment claim.

Given the release of Mr. Williams from the United States Penitentiary in Florence, Colorado, Mr. Klein contends any claim for injunctive relief now is moot.  I agree.  An injunction restraining Mr. Klein from engaging in the type of misconduct alleged by Mr. Williams would provide no appreciable relief to Mr. Williams because Mr. Williams no longer has any contact with Mr. Klein in a prison setting.  "(W)hen a prisoner is released from prison, there is no longer a substantial controversy between the former inmate and prison officials of sufficient immediacy and reality to warrant the issuance of either injunctive or declaratory relief." ***Green v. Branson***, 108 F.3d 1296, 1300 (10th Cir.

---

[3] The change of address [#88] filed by Mr. Williams on April 1, 2015, reflects his release to a residential re-entry program.

[4] In the complaint [#21], Mr. Williams names "Captain Klien" as a defendant.  In his filings, this defendant consistently spells his last name "Klein."  I adopt the spelling preferred by the defendant.

3

1997) (*citing Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir.1977)). All claims for injunctive relief asserted by Mr. Williams must be dismissed.

Turning to the damages aspect of the Fifth Amendment due process claim, Mr. Klein contends this claim must be dismissed because Mr. Williams has not alleged facts showing that he suffered an actionable deprivation of liberty or property imposed by Mr. Klein. In addition, Mr. Klein asserts that such a Fifth Amendment due process claim is not cognizable under **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics**, 403 U.S. 388 (1971). The allegations against Mr. Klein are contained primarily on page 12 of the **Amended Prisoner Complaint** [#21]. Mr. Williams alleges that Mr. Klein placed Mr. Williams in the special housing unit (SHU) for no reason other than to try to scare Mr. Williams in an effort to get Mr. Williams to stop filing administrative grievances. Mr. Williams alleges also that Mr. Klein threatened the UNICOR job of Mr. Williams.

"To invoke the protections of procedural due process, a plaintiff must establish the existence of a recognized property or liberty interest." **Setliff v. Memorial Hosp. of Sheridan County**, 850 F.2d 1384, 1394 (10th Cir. 1988) (citing **Board of Regents of State Colleges v. Roth**, 408 U.S. 564, 569 (1972)). In part, the due process claim of Mr. Williams is based on his placement in the SHU. Prison inmates do not have a protected liberty interest in their prison classification or assignment unless a particular classification or assignment "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." **Sandin v. Conner**, 515 U.S. 472, 484 (1995). Only prison classifications or assignments which impose severely restrictive conditions for long periods of time potentially implicate a protected liberty interest. **Wilkinson v. Austin**, 545 U.S. 209, 224 (2005). Mr. Williams does not allege that he

4

was exposed to such a classification or assignment by Mr. Klein.  Therefore, the allegations of Mr. Williams do not state a due process claim to the extent that claim is based on his placement in the SHU.

In some circumstances, a job can constitute a constitutionally protected property or liberty interest.  However, "(t)he Constitution does not create a property or liberty interest in prison employment." ***Ingram v. Papalia***, 804 F.2d 595, 596 (10th Cir. 1986). In certain specific conditions, applicable regulations or other law can create a protected liberty or property interest.  ***See, e.g., Sandin v. Conner***, 515 U.S. 472, 483 - 486 (1995).  With very few exceptions, prison inmates have no protected liberty or property interest in their job.  ***See, e.g., Johnson v. Rowley***, 569 F.3d 40, 44 (2nd Cir. 2009) (federal prisoner has no protected property interest in UNICOR job assignment). Nothing in the complaint of Mr. Williams indicates that he had a liberty or property interest in his prison job.  Further, there is no allegation that Mr. Klein deprived Mr. Williams of his prison job.  With no allegations to support the contention that Mr. Williams had a protected liberty or property interest in his prison job and no allegation that Mr. Klein deprived Mr. Williams of his job, the due process claim of Mr. Williams fails to the extent it is based on alleged threats by Mr. Klein to the job of Mr. Williams.

### IV.  CONCLUSION & ORDERS

The remaining claims of Mr. Williams are moot to the extent he seeks injunctive relief against Mr. Klein.  The complaint [#21] of Mr. Williams does not contain allegations sufficient to state a claim for relief based on the due process component of the Fifth Amendment.  Under FED. R. CIV. P. 12(b)(6), these claims must be dismissed. The other claims asserted in the complaint [#21] have already been dismissed and resolved, including the dismissal of several other defendants.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Klein's Motion for Judgment on the Pleadings** [#86] filed March 30, 2015, is granted;

2. That the claims of the plaintiff for injunctive relief are dismissed as moot;

3. That under FED. R. CIV. P. 12(b)(6), the Fifth Amendment due process claim of Mr. Williams is dismissed;

4. That based on this order and the **Order Concerning Recommendation of United States Magistrate Judge** [#67] filed February 24, 2014, judgment shall enter in favor of the defendants named in this case, Captain Klien (properly identified as Klein), C.O. J. Sander, C.O. Dockins, C.O. Royal, C.O. Price, and C.O. Koch, and against the plaintiff, Kevin Raynell Williams;

5. That the defendant are awarded their costs to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

6. That this case is closed.

Dated June 12, 2015, at Denver, Colorado.

                                          **BY THE COURT:**

                                          */s/ Robert E. Blackburn*
                                          Robert E. Blackburn
                                          United States District Judge